**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

ROCHESTER SMOKE, JR.,              :

    Plaintiff,                              :

vs.                                                :       CA 21-0206-MU

KILOLO KIJAKAZI,                        :
Acting Commissioner of Social Security,
                                                               :

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rochester Smoke, Jr. brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his claims for a period of disability, disability insurance benefits, and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 21 ("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 22 (order of reference)). Upon consideration of the administrative record, Plaintiff's brief, and the Commissioner's

brief,[1] the Court concludes that the Commissioner's decision denying benefits should be reversed and remanded for further consideration not inconsistent with this decision.[2]

## I. Procedural Background

Plaintiff filed applications for disability insurance benefits and supplemental security income on or about April 5, 2019, alleging disability beginning December 28, 2017. (*See* Doc. 15, PageID. 213-19*).* Smoke's claims were initially denied on May 14, 2019 (*see id.,* PageID. 139-40 & 143-54), and, following Plaintiff's May 29, 2019 request for a hearing before an Administrative Law Judge ("ALJ") (*id.,* PageID. 155), a hearing was conducted before an ALJ on May 7, 2020 (*id.,* PageID. 100-18).[3] On September 8, 2020, the ALJ issued a decision finding that the claimant was not disabled and therefore, not entitled to social security benefits. (*Id.,* PageID. 85-93). More specifically, the ALJ determined at the fifth step of the sequential evaluation process that Smoke retains the residual functional capacity to perform the full range of light work as defined in the regulations and, therefore, was not disabled under Medical-Vocational Rules 202.21 and 202.14 (*see id.,* PageID. 89-93). On the same date as the ALJ's opinion, that is, September 8, 2020, the Plaintiff appealed the ALJ's unfavorable decision to the Appeals Council (*compare id.,* PageID. 70 *with id.,* PageID. 211); the Appeals Council

---

[1] The parties waived oral argument. (*See* Docs. 25 & 26).

[2] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 21 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.")).

[3] During the hearing, Plaintiff attempted to amend his onset date of disability to July 28, 2018, his fiftieth (50th) birthday (*see id.,* PageID. 104); however, the ALJ did not recognize the amended onset date in his decision (*see id.,* PageID. 85-93).

denied Smoke's request for review on March 3, 2021 (*see id.,* PageID. 70-72). Thus, the hearing decision became the final decision of the Commissioner of Social Security.

Plaintiff alleges disability due to degenerative disc disease. The Administrative Law Judge (ALJ) made the following relevant findings:

> 3.  **The claimant has the following severe impairment: degenerative disc disease (20 CFR 404.1520(c) and 416.920(c)).**
>
> .  .  .
>
> 4.  **The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR  404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).**
>
> .  .  .
>
> 5.  **After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).**
>
> .  .  .
>
> 6.  **The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965.**
>
> .  .  .
>
> 7.  **The claimant was born on July 28, 1968 and was 49 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).**
>
> 8.  **The claimant has at least a high school education (20 CFR 404.1564 and 416.964).**
>
> 9.  **Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly**

**supports a finding of "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).**

**10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).**

.   .   .

**11.    The claimant has not been under a disability, as defined in the Social Security Act, from December 28, 2017, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).**

(Doc. 15, PageID. 88, 89, 92 & 93).

## II. Standard of Review and Claims on Appeal

The scope of this Court's review is limited to determining whether the Commissioner of Social Security, through the ALJ, applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. *Crawford v. Commissioner of Social Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[4] Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed.

---

[4]    This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

Appx. 995, 996 (11th Cir. Apr. 1, 2010) (per curiam), citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). And "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.*, citing *Crawford v. Commissioner of Social Sec.*, 363 F.3d 1155, 1158-1159 (11th Cir. 2004).

The Commissioner of Social Security employs a five-step sequential evaluation process in determining whether a claimant is disabled under the Social Security Act. This sequential evaluation process considers:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Social Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. Feb. 9, 2012)[5] (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden, at the fourth step of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history. *Id.* at 1005. Although "a claimant bears the burden of demonstrating an inability to return to

---

[5] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

his past relevant work, the [Commissioner of Social Security] has an obligation to develop a full and fair record." *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). If a plaintiff proves that he cannot perform his past relevant work, as here, it then becomes the Commissioner's burden—at the fifth step—to prove that the plaintiff is capable—given his age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Phillips, supra,* 357 F.3d at 1237; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999), *cert. denied,* 529 U.S. 1089, 120 S.Ct. 1723, 146 L.Ed.2d 644 (2000); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

On appeal to this Court, Smoke asserts one reason the Commissioner's decision to deny him benefits is in error (*i.e.,* not supported by substantial evidence), namely, that the ALJ committed reversible error in failing to evaluate the medical opinion evidence from the treating physician, Dr. Theresa Yarbrough, properly and consistent with agency authority and Eleventh Circuit precedent. (*See* Doc. 18, PageID. 676). And because Plaintiff connects his argument to the ALJ's RFC determination (*see id.,* PageID. 677-79), and contends correctly that the ALJ did not "link" his RFC determination to evidence in the record bearing on Plaintiff's ability to perform the physical, mental, sensory, and other requirements of work (*see id.,* PageID. 679), this Court finds that remand of this action is appropriate.

The responsibility for making the residual functional capacity determination rests with the ALJ. *Compare, e.g.,* 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing level . . ., the administrative law judge . . . is responsible for assessing your residual functional capacity.") *with, e.g., Packer v.*

*Commissioner, Social Sec. Admin.*, 542 Fed. Appx. 890, 891-892 (11th Cir. Oct. 29, 2013) (per curiam) ("An RFC determination is an assessment, based on all relevant evidence, of a claimant's remaining ability to do work despite her impairments. There is no rigid requirement that the ALJ specifically refer to every piece of evidence, so long as the ALJ's decision is not a broad rejection, i.e., where the ALJ does not provide enough reasoning for a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." (internal citation omitted)). A plaintiff's RFC—which "includes physical abilities, such as sitting, standing, or walking, and mental abilities, such as the ability to understand, remember and carry out instructions or to respond appropriately to supervision, co-workers, and work pressure[]"—"is a[n] [] assessment of what the claimant can do in a work setting despite any mental, physical, or environmental limitations caused by the claimant's impairments and related symptoms." *Watkins v. Commissioner of Social Sec.,* 457 Fed. Appx. 868, 870 n.5 (11th Cir. Feb. 9, 2012) (citing 20 C.F.R. §§ 404.1545(a)-(c), 416.945(a)-(c)); *see also* 20 C.F.R. § 404.1545(a)(3) (in assessing RFC, the Commissioner is required to consider "descriptions and observations of [the claimant's] limitations from [] impairments, including limitations that result from [] symptoms, such as pain, provided by [the claimant] . . . ."). Because "[a]n RFC determination is an assessment, based on all relevant evidence, of a claimant's remaining ability to do work despite her impairments[,]" *Packer, supra,* 542 Fed.Appx. at 891, consideration of a claimant's testimony and credibility is certainly an aspect of any such determination, *see id.* at 892 (in finding that Plaintiff had failed to establish that her RFC assessment was not supported by substantial evidence, the Eleventh Circuit considered, among other

7

matters, the ALJ's consideration of Packer's testimony, specifically the credibility determination), as is consideration of nonexertional limitations or restrictions, such as "difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching." 20 C.F.R. §§ 404.1569a(c)(1)(vi), 416.969a(c)(1)(vi); *see Hand v. Social Sec. Admin., Commissioner*, 786 Fed.Appx. 220, 226-27 (11th Cir. Sept. 17, 2019) ("The question [] is whether substantial evidence supports the ALJ's decision not to limit Hand's RFC to *occasional*—as opposed to *frequent*—reaching, handling, and fingering. This determination was critical to the ALJ's unfavorable decision. According to the vocational expert, there were no jobs in the national economy for a person like Hand who could perform light work with only occasional reaching, handling, and fingering. But, leaving all else equal, there were available jobs for a person like Hand who could frequently reach, handle, and finger.") (emphasis in original).

    To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has "'provide[d] a sufficient rationale to link'" substantial record evidence "'to the legal conclusions reached.'" *Ricks v. Astrue*, 2012 WL 1020428, *9 (M.D. Fla. Mar. 27, 2012) (quoting *Russ v. Barnhart*, 363 F. Supp. 2d 1345, 1347 (M.D. Fla. 2005)); *compare id. with Packer v. Astrue*, 2013 WL 593497, *4 (S.D. Ala. Feb. 14, 2013) ("'[T]he ALJ must link the RFC assessment to specific evidence in the record bearing upon the claimant's ability to perform the physical, mental, sensory, and other requirements of work.'"), *aff'd,* 542 Fed. Appx. 890 (11th Cir. Oct. 29, 2013); *see also Hanna v. Astrue*, 395 Fed. Appx. 634, 636 (11th Cir. Sept. 9, 2010) (per curiam) ("The ALJ must state the grounds for his decision with clarity to enable us to

conduct meaningful review. . . . Absent such explanation, it is unclear whether substantial evidence supported the ALJ's findings; and the decision does not provide a meaningful basis upon which we can review [a plaintiff's] case." (internal citation omitted)).[6] However, in order to find the ALJ's RFC assessment supported by substantial evidence, it is not necessary for the ALJ's assessment to be supported by the assessment of an examining or treating physician. *See, e.g., Packer, supra,* 2013 WL 593497, at *3 ("[N]umerous court have upheld ALJs' RFC determinations notwithstanding the absence of an assessment performed by an examining or treating physician."); *McMillian v. Astrue*, 2012 WL 1565624, *4 n.5 (S.D. Ala. May 1, 2012) (noting that decisions of this Court "in which a matter is remanded to the Commissioner because the ALJ's RFC determination was not supported by substantial and tangible evidence still accurately reflect the view of this Court, but not to the extent that such

---

[6] It is the ALJ's (or, in some cases, the Appeals Council's) responsibility, not the responsibility of the Commissioner's counsel on appeal to this Court, to "state with clarity" the grounds for an RFC determination. Stated differently, "linkage" may not be manufactured speculatively by the Commissioner—using "the record as a whole"—on appeal, but rather, must be clearly set forth in the Commissioner's decision. *See, e.g., Durham v. Astrue*, 2010 WL 3825617, *3 (M.D. Ala. Sept. 24, 2010) (rejecting the Commissioner's request to affirm an ALJ's decision because, according to the Commissioner, overall, the decision was "adequately explained and supported by substantial evidence in the record"; holding that affirming that decision would require that the court "ignor[e] what the law requires of the ALJ[; t]he court 'must reverse [the ALJ's decision] when the ALJ has failed to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted'" (quoting *Hanna*, 395 Fed. Appx. at 636 (internal quotation marks omitted))); *see also id.* at *3 n.4 ("In his brief, the Commissioner sets forth the evidence on which the ALJ could have relied . . . . There may very well be ample reason, supported by the record, for [the ALJ's ultimate conclusion]. However, because the ALJ did not state his reasons, the court cannot evaluate them for substantial evidentiary support. Here, the court does not hold that the ALJ's ultimate conclusion is unsupportable on the present record; the court holds only that the ALJ did not conduct the analysis that the law requires him to conduct." (emphasis in original)); *Patterson v. Bowen*, 839 F.2d 221, 225 n.1 (4th Cir. 1988) ("We must . . . affirm the ALJ's decision only upon the reasons he gave.").

decisions are interpreted to require that substantial and tangible evidence must—in all cases—include an RFC or PCE from a physician" (internal punctuation altered and citation omitted)); *but cf. Coleman v. Barnhart,* 264 F.Supp.2d 1007 (S.D. Ala. 2003).

In this case, the Court finds that the ALJ failed to link his RFC assessment—that is, the full range of light work (Doc. 15, PageID. 89)[7]—properly to specific evidence in the record bearing upon Smoke's ability to perform the physical, mental, manipulative, sensory and other requirements of work because the ALJ failed to identify in sufficient detail how the medical evidence of record supported the components of his RFC determination, most specifically the (apparent) implicit finding that Plaintiff has no limitations in reaching, handling, fingering, and feeling (*compare id.* (full range of light work) *with* SSR 83-10 (full range of light work requires the use of the arms and hands to grasp and to hold and turn objects)).

The ALJ summarized the record evidence in this case (*see* Doc. 15, PageID. 90-91) and thereafter followed with the broad statement that "[t]he evidence of record supports the claimant is limited to light exertional activity." (*Id.,* PageID. 91). However, just as the Commissioner on appeal cannot manufacture linkage by using the record as a whole, *see Dunham, supra,* at *3, so too, in this Court's opinion, an ALJ cannot do as the ALJ in this case did and with one broad brush of the pen attempt to establish linkage

---

[7] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b). Moreover, the full range of light work requires "use of arms and hands to grasp and to hold and turn objects[.]" SSR 83-10.

by using the evidence as a whole. *See id.* There are simply no statements of clarity, in particular, regarding how the evidence of record establishes that Plaintiff can perform the handling of objects required of the full range of light work. And that such statements were vital to establish linkage is clear because of the manner in which the ALJ analyzed the opinion evidence of Plaintiff's treating physician, Dr. Theresa Yarbrough, and the prior administrative medical findings of Dr. Krishna Reddy.

As part of the process of determining a claimant's RFC, that is, "the most [he] can still do despite" the limitations caused by her impairments, 20 C.F.R. 404.1545(a)(1), an ALJ must take into consideration the medical opinions of treating, examining, and non-examining physicians and, indeed, this issue is often at the forefront in social security cases. *See Kahle v. Commissioner of Social Sec.,* 845 F.Supp.2d 1262, 1271 (M.D. Fla. 2012). In March of 2017, the Social Security Administration amended its regulations regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Under the new regulations, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a); *see also Lee v. Saul,* 2020 WL 5413773, *5 (M.D. Ala. Sept. 9, 2020) ("The revisions [to Social Security regulations regarding the evaluation of medical evidence] state that the Commissioner 'will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from . . . medical sources.' 20 C.F.R. § 404.1520c(a)."). The regulations go on to provide that when evaluating the

persuasiveness of medical opinions, "[t]he most important factors to be considered are those of supportability and consistency[.]" *Id.* at *5; *see also Swingle v. Commissioner of the Social Sec. Admin.,* 2020 WL 6708023, *2 (M.D. Fla. Nov. 16, 2020) ("When evaluating the persuasiveness of medical opinions, the most important factors are supportability and consistency."). "Thus, the ALJ 'will explain how [he/she] considered the supportability and consistency factors for a medical source's medical opinions' in the determination or decision but is not required to explain how he/she considered the rest of the factors listed in 20 C.F.R. § 404.1520c(c)." *Id.* (footnotes omitted).

The ALJ analyzed the opinion evidence of Plaintiff's treating physician, Dr. Theresa Yarbrough, and the prior administrative medical findings of Dr. Krishna Reddy, in the following manner:

> State agency Krishna Reddy, M.D. reviewed the evidence and opined the claimant could lift, carry, push, and pull 50 pounds occasionally and 25 pounds frequently, stand and/or walk about six hours, and sit about six hours. He opined the claimant could frequently climb ramps and stairs, occasionally climb ladders, ropes, or scaffolds, and frequently balance, stoop, kneel, crouch, crawl. Finally, he opined the claimant should avoid concentrated exposure to extreme cold, vibration, and hazards. In support of his opinion, Dr. Reddy cited to the claimant's complaints of joint pain and normal physical examinations. This opinion is not persuasive because it overestimates the claimant's abilities. The claimant had positive straight leg raise noted on [a] few occasions. He was also found to have negative straight leg raise testing. He has some weakness in the right hand on two occasions. Otherwise, he had full motor strength. While these findings support the claimant maintains the ability to perform some activity, he is more limited than opined by Dr. Reddy. Therefore, this opinion is not persuasive because it is not consistent with the evidence of record.
>
> The claimant's primary care provider Theresa Yarbrough, M.D. completed an assessment in March 2020 in which she opined the claimant could lift 20 pounds rarely, 10 pounds occasionally, and less than 10 pounds occasionally; carry 10 pounds rarely and less than 10 pounds occasionally; sit eight hours; stand and walk four hours; and would need a sit/stand option at will. According to Dr. Yarbrough, the claimant would

12

> need to lie down or recline at least four hours a day for more than 30 minutes at a time. She opined the claimant was dependent on a cane for ambulation. She opined the claimant could occasionally use the hands and feet; never climb, crouch, or crawl; rarely stoop or kneel; and occasionally stoop and rotate the head and neck. She opined he could have frequent exposure to operation of a motor vehicle, humidity, wetness, dust, odors, fumes, pulmonary irritants, extreme cold, and extreme heat. Finally, she opined the claimant would be off task greater than 25 percent of the workday, would be able to maintain attention and concentration more than two hours before needing a break, and would have absences more than four days per month. In support of her opinion, Dr. Yarbrough stated the claimant had low back pain and neck pain with radiation into the extremities and evidence of stenosis on an MRI. This opinion is not persuasive. It is not consistent with the record as a whole and is not supported by Dr. Yarbrough's own treatment notes. There is only one mention of the use of a cane in the record and on[] the day the claimant was using the cane, his examination was otherwise within normal limits. The claimant had positive straight leg raise noted on [a] few occasions. He was also found to have negative straight leg raise testing. He has some weakness in [his] right hand on two occasions. Otherwise, he had normal motor strength and tone. The claimant's exams do not support the degree of limitations opined by Dr. Yarbrough. This opinion is not persuasive because it is inconsistent with the evidence.

(Doc. 15, PageID. 91-92) (internal citations omitted).

There can be little question but that the ALJ in this case specifically addressed the supportability and consistency factors (*see id.*), as required by the Commissioner's new regulations, *see Swingle, supra,* at *2. Nevertheless, given that the ALJ found the prior administrative medical findings of Dr. Reddy (which "landed" on a "range" of medium work) non-persuasive due to evidence in the record reflecting positive straight leg raise tests and weakness in the right (dominant) hand but also found the "degree of limitation" opined by Dr. Yarbrough unpersuasive (*see* Doc. 15, PageID. 91-92), the undersigned finds it impossible to discern how the ALJ "landed" on Smoke being able to perform the full range of light work, since, as aforesaid, the full range of light work requires use of the arms and hands to grasp and to hold and turn objects, SSR 83-10,

13

and even "frequent" handling, etc., is vocationally significant, see Hand, supra, 786 Fed.Appx. at 226-27. In other words, the manner in which the ALJ performed the foregoing analysis clearly suggests that the ALJ believed Smoke has some limitation in his ability to handle objects (for instance), but not the degree of limitation found by Dr. Yarbrough (see Doc. 15, PageID. 454 (Yarbrough limited Plaintiff to only "occasionally" handling, fingering, feeling, etc.)); therefore, the ALJ was duty bound to fully articulate the degree of limitation of handling objects in his RFC determination. And since the ALJ, instead, determined that Smoke can perform the full range of light work (Doc. 15, PageID. 89), when his analysis suggests a different outcome (compare id. with id., PageID. 90-92), the ALJ's RFC determination cannot withstand scrutiny.

Based on the foregoing, the undersigned finds that the ALJ's RFC determination is not supported by substantial evidence and, therefore, the Court lacks the basis to find that Smoke can perform the full range of light work and is not disabled under the Medical-Vocational Guidelines.[8]

---

[8] The ALJ should have posed hypothetical questions to the VE who appeared at the hearing but failed to do so (see Doc. 15, PageID. 114-16 (VE appeared and testified but was not asked any questions eliciting information about specific light work in the national economy)). That the ALJ should have asked the VE such pointed questions is clear given the ALJ's analysis of the opinion(s) of Dr. Yarbrough and the findings of Dr. Reddy and because "[n]on-exertional limitations include a person's difficulty with reaching, handling, fingering, and feeling, which describe progressively finer usage of a person's arms and hands to perform work-related activities[,]" Douglas v. Commissioner, Social Sec. Admin., 832 Fed.Appx. 650, 655 (11th Cir. Oct. 28, 2020) (citations omitted); see also id. ("'Handling' describes movements that utilize a person's entire hand such as seizing, holding, grasping, and turning."), and the Eleventh Circuit has made clear that "limitations in manual dexterity and grip strength in one hand would significantly limit a person's ability to adapt to other work, and should therefore preclude exclusive reliance on the grids." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted); see Werner v. Commissioner of Social Sec., 421 Fed.Appx. 935, 939 (11th Cir. Mar. 21, 2011) ("[I]f the claimant has a nonexertional impairment that limits a wide range of work at a given level, the ALJ is required to consult a vocational expert.").

**CONCLUSION**

It is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff a period of disability, disability insurance benefits, and supplemental security income be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 9th day of March, 2022.

                                          s/P. Bradley Murray
                                          **UNITED STATES MAGISTRATE JUDGE**